UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES

    Plaintiff,

v.

KENNETH CHUN,

    Defendant.
_____/

Case No. 17-20451

Honorable Victoria A. Roberts

## ORDER FINDING DEFENDANT INCOMPETENT TO STAND TRIAL

This matter is before the Court on Defendant's Motion for Hearing to Determine Mental Competency. [Doc. # 16]. The Court conducted a status conference on February 1, 2018. Jacob Foster and Howard Locker appeared for the Government. Defendant Kenneth Chun ("Chun") was represented by Suzan Gabbarra.

### I.    BACKGROUND

On June 29, 2017, Chun was indicted on four counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, and six counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

The charges stem from Chun's ownership and control of Bloomfield Internal Medicine Associates, P.C., a participating health care provider with Medicare, Medicaid, and Blue Cross Blue Shield of Michigan ("BCBS"). The indictment alleges that he fraudulently billed Medicare, Medicaid, and BCBS for services that were not reasonable, medically necessary, documented, and/or actually provided. Chun also allegedly

1

distributed controlled substances, including opioids, outside of the usual course of practice and without a legitimate medical purpose.

On October 16, 2017, Chun filed a motion for a hearing to determine his mental competence, saying there was reasonable cause to believe him to be incompetent to stand trial. The Court granted Chun's motion, noting that at that time, there was evidence that Chun has some form of mental defect. However, there was no medical consensus on its severity or how it might affect Chun's ability to understand the nature and consequences of the proceedings against him. Specifically, three different experts evaluated Chun. Dr. Ira Schaer's evaluation revealed that Chun suffers from a mental disorder that includes short-term memory loss and expressive language defects. Dr. Schaer concluded that Chun is not competent to stand trial. However, Drs. Peter Lichtenberg and Laura Fadell also examined Chun, but concluded that he suffered from Mild Cognitive Impairment, less severe than the degree of impairment Dr. Schaer found.

On November 30, 2017, the Court ordered a Psychiatric or Psychological Examination under 18 U.S.C. § 4247(b). This examination was completed by Dr. George R. Fleming. Dr. Fleming found there was sufficient evidence from his psychological examination of Chun to conclude that Chun's ability to assist his counsel in his defense was impaired by his inability to make informed decisions; difficulty organizing information and learning new information; and impaired capacity to form new memories. Dr. Fleming concluded that Chun's ability to fully understand the nature and consequences of the proceedings is questionable, beyond the consequence of no longer being allowed to practice medicine.

**II.  ANALYSIS**

After a competency hearing, the Court must, based on a "preponderance of the evidence," make a determination as to the defendant's competency to stand trial. 18 U.S.C. § 4241(d). The Court's determination is reviewable on appeal by a "clearly erroneous" standard. *U.S. v. Ford,* 184 F.3d 566, 581 (6th Cir. 1999); *U.S. v. Cook*, 356 F.3d 913 (8th Cir. 2004).

To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960). "A criminal defendant may not be tried unless he is competent." *Godinez v. Moran*, 509 U.S. 389, 396 (1993).

The Government filed a Statement In Advance of Status Conference on January 31, 2018. In it, the Government states that the parties agree that the preponderance standard is met, that the record is complete, and that there is no need for a hearing to determine Chun's competency. The parties also agree that the Court "shall commit the defendant to the custody of the Attorney General," who should hospitalize Chun for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward…" pursuant to 18 U.S.C. § 4212(d). At the Status Conference held on February 1, 2018, defense counsel confirmed agreement with the Government's statements.

The Court finds that Chun does not have a factual understanding of the proceedings against him. Although he was able to tell Dr. Fleming how an FBI agent

came to his office and announced they were taking away his medical license, he was unable to say what part he played in this. He believes that the only reason his license was taken was that he was writing too many narcotics prescriptions, and does not seem to understand the fraud and distribution charges pending against him. Chun is substantially impaired in his ability to consult with and assist counsel with a reasonable degree of rational understanding; he also lacks a rational understanding of the proceedings. So long as these impairments persist, Chun will be unable to reasonably assist an attorney in his defense or to represent himself at trial. The Court finds that the requested commitment is reasonable.

The parties disagree on whether there should be a reporting requirement. Defense counsel requests that the Court order the United States Bureau of Prisons ("BOP") to provide a status report within 30 days as to the progress of its evaluation of Chun. The Government says that it has been advised by representatives from the BOP that such a reporting requirement would be premature and unduly burdensome. Further, the Government argues that a reporting requirement would be unnecessary, since the statutory scheme already requires the BOP to update the Court of Chun's treatment progress within a reasonable time.

### III. CONCLUSION

Based upon: (1) the opinion of Dr. Fleming; and (2) the parties' agreement that the preponderance of the evidence standard is met, the Court determines that Chun is **INCOMPETENT** to stand trial.

Pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, the Court commits Chun to the custody of the Attorney General for hospitalization and treatment at a suitable facility, for a period not to exceed four months, for the purpose of determining whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceeding to go forward. 18 U.S.C. §4241(d)(1); 18 U.S.C. §4247(i)(A).

The Court agrees with defense counsel that a reporting requirement should be placed upon the BOP. Within **45 days**, the Attorney General must advise the Court whether Chun's mental condition has so improved that trial may proceed. On receipt of that report, Chun must be returned to the Court for a status conference and further determination as to Chun's competency.

The Court orders the United States Marshal's Service to promptly and expeditiously transfer Chun to a suitable facility, to be determined by the Attorney General, and that the United States Marshal's Service do this as quickly as possible so as to minimize the period during which Chun must travel to, be confined in, and be returned from the facility where such treatment will be conducted.

The time period associated with this process, from the filing date of the Order for Psychiatric or Psychological Examination [Doc. #23] through and including the date on which a final determination is made regarding whether Chun has regained his competency to stand trial, is excluded under the Speedy Trial Act pursuant to the terms of 18 U.S.C. § 3161(h)(1)(A) and (h)(4).

**IT IS ORDERED**.

                                                  S/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: February 2, 2018