UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 17-20451
                                            Honorable Victoria A. Roberts

KENNETH CHUN,

    Defendant.
_____/

## **ORDER**

Before the Court is a Government request to order the defense to produce raw data on competency testing. [ECF No. 70 and 71]

The Court declines the request.

Defendant Dr. Kenneth Chun ("Chun") is charged with four counts of health care fraud and six counts of distribution of a controlled substance. The Indictment has been pending since 2017.

Chun has been evaluated several times for competency to stand trial: at FCI Butner, by his own health care professionals; by a psychologist appointed by the Court.

More recently, at the request of the Government, the Court entered an order allowing for examination of Chun by a team of professionals assembled locally by the Government.

In this latest order, the Court required that the "[e]valuation and examination may include cognitive testing and may involve active collaboration between the disciplines of psychology, neuropsychology, and forensic psychology." [ECF No. 67 at PageID.641] The Government expert is required to prepare a report.

1

The Government selected Dr. Robert Denney, a board certified clinical neuropsychologist and forensic psychologist. Dr. Denney conducted an in-person competency evaluation on May 21, 2019.

In its papers to the Court, the Government says

> "The Defendant's test results were anomalous in that the substance of his answers to questions varied from question to question and overall his erratic pattern of answering questions was inconsistent with any of the diagnoses set forth by other practitioners in this case. His pattern of answering questions and other materials reviewed by Dr. Denney, including a report of the Defendant's EEG, raised a concern that the Defendant was potentially malingering." [ECF No. 70 at PageID.658]

Based on these test results, the Government says that Dr. Denney requires raw data of prior testing conducted by defense experts and the court appointed expert. The Government requested the data; the experts have declined to produce it.

Now, the Government seeks a court order for the production of raw data or, in the alternative, an adverse inference if the experts continue to refuse to provide the data to Dr. Denney.

To support its request, the Government says that Dr. Denney has concerns that Chun may be malingering. He believes that a review of the prior test data involving Chun would be useful in reaching a final conclusion about Chun's competency.

The defense opposes the request. It says the malingering accusation is unwarranted. It says "the Government's new position is inconsistent with every expert in the past, including its own expert, Dr. Chavez, and the court - appointed expert, Dr. Fleming." [ECF No. 71 at PageID.663]

The Court declines to order the production of raw data.

For starters, there is nothing in the submissions to the Court on Chun's competency which suggests malingering. Unlike the *Kokoski* case relied upon by the Government, three doctors had already concluded that defendant was malingering, and a fourth had suspicions of malingering. It was then that the court ordered production of raw data to a malingerer expert. *United States v Kokowski*, 865 F.Supp. 325, 328-29 (S.D. W. Va. 1994).

On the other hand, in *U.S. v Owle*, the court declined to order production of raw data where no showing had been made that clinicians failed to act within professional standards or norms in conducting the evaluation or in rendering an opinion.

The *Owle* court went on to hold, "While it is clear that defendant would like to challenge the ultimate conclusion contained in such report, the court does not find that compelling production of such clinical notes or raw data would assist the court in determining whether defendant is competent to proceed." *U.S. v Owle*, 2010 WL 3259790 at *2 (W.D. N.C. Aug. 12, 2010).

Indeed, "raw data" is not required to be included in competency reports prepared under 18 U.S.C. § 4241(b).

The Government seeks extraordinary production of data without substantiating its need for it. The Court declines to order it.

3

Dr. Denney is required to submit his report on Chun by the close of business Friday, September 27, 2019.

**ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 9/11/2019